CARL JUNK, Respondent, *v.* TERRY & TENCH COMPANY, INC., Appellant.

First Department, March 9, 1917.

Workmen's Compensation Law — action by employee for hospital expenses and services of physician — evidence insufficient to establish neglect of employer to furnish proper medical care on demand.

In an action by an employee to recover for the services of a physician selected by him and also for a bill at a hospital to which he was removed at his own request, it appeared that the plaintiff, a laborer employed by the defendant, was so injured as to necessitate his removal to a certain hospital; that the defendant paid his expenses there and desired to have him removed as soon as his condition would permit to another hospital where it maintained accommodations for its employees; that, notwithstanding this, the plaintiff was removed to his home and thence to another hospital selected by himself.

*Held,* on all the evidence, that the defendant did not neglect to furnish proper medical care on demand, and that, therefore, the complaint should be dismissed.

APPEAL by the defendant, Terry & Tench Company, Inc., from an order and determination of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of June, 1916, affirming a judgment of the Municipal Court of the City of New York, ninth district, borough of Manhattan, awarding plaintiff damages in the sum of $297.

*Henry F. Gannon,* for the appellant.

*Eugene A. Donohue,* for the respondent.

Shearn, J.:

Plaintiff, a laborer employed by defendant, was injured in his employment about four-thirty P. M. on February 15, 1915. His injuries necessitated his removal in an ambulance to the Harlem Hospital, and disabled him so that under the provisions of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], as amd.) he drew compensation at the rate of nine dollars and sixty-one cents per week up to the date of the trial. He was entitled to medical, surgical and other necessary treatment for sixty days after his accident at the expense of his employer (Workmen's Compensation Law, § 13), but it is conceded that the employer had the right to select the attending physician and the hospital. Plaintiff, in this case, selected his own physician and his own hospital, their bills for services being respectively one hundred and ninety dollars and eighty-one dollars, to recover which amount this action is brought. Plaintiff claims to have been justified in selecting his own physician because of lack of proper treatment provided in the Harlem Hospital, notice to defendant of such ill-treatment and failure on the part of the defendant to provide adequate treatment.

Plaintiff was put in the general ward of the hospital. There was conflicting testimony as to the way he was treated there and while the evidence is not very convincing, the jury was warranted in finding that he was not properly treated there. On the fourth day, that is, on February nineteenth, he insisted on leaving the hospital and going home. Although the hospital authorities considered it dangerous for him to do so, he went to his home, and on the next day a Dr. Hoy called to see him and had him taken away in an ambulance to the Miserecordia Hospital, where he remained eight weeks under treatment of Dr. Hoy. The Miserecordia Hospital and Dr. Hoy impressed liens on his award for the respective amounts of their bills.

Plaintiff's wife testified that on February seventeenth, after having visited her husband in the Hospital on the two preceding days, she went to One Hundred and Fifty-fifth street to get

his pay and there saw a Mr. Wheeler, who was employed by defendant in some kind of office work; that Wheeler asked her how her husband was getting along and she told him that he was not satisfied with the Harlem Hospital, and that Wheeler said that he would report it and see that he got better care. She also testified that while her husband was in the Harlem Hospital she had a conversation with some one with regard to having him removed from the Harlem Hospital to the Post Graduate Hospital and that she was informed that defendant would take care of him in the Post Graduate Hospital, but that she never gave her consent to the transfer. Afterwards she testified that this conversation was on March twenty-fourth while her husband was in the Miserecordia Hospital.

It appears that the defendant has a department to handle accident cases involving compensation; that Dr. Moorhead is the head of the department and that it retains forty-three physicians and surgeons in different sections of the city; that in hospitals of a private nature they pay fifteen dollars a week in the ward and pay the doctor who treats the employee, and in public hospitals they pay for ward treatment and remove the patient to the Post Graduate Hospital as soon as his condition warrants; that at the Post Graduate Hospital they maintain a ward of eight beds which is paid for whether filled or empty. It also appears that defendant heard of the accident on the day of its occurrence and that thereupon the chief clerk of the medical department telephoned to the Harlem Hospital, having been apprised that plaintiff had been removed there in an ambulance, inquired as to his condition and suggested his removal to the Post Graduate Hospital, but was informed that his condition was such that it would be impossible to remove him without danger; that he called up the hospital on each day that plaintiff was there and received the same information; that on the day following his removal he called up and was informed that he had been transferred to his home on release; that is, he had signed a release and left the hospital. A day or two after this he had a telephone conversation with Dr. Hoy, who told him that plaintiff was in his care, and he told Dr. Hoy that the company was not responsible for his bill; that the company wanted to take care of him in the Post Graduate

Hospital, and he offered to take plaintiff to the Post Graduate Hospital, but "Doctor Hoy said there was nothing doing; that he had the case." Defendant paid the Harlem Hospital seven dollars and fifty cents for the time plaintiff was there.

Assuming that the plaintiff was not properly cared for in the Harlem Hospital, did the plaintiff make any demand upon the defendant for medical assistance as required by section 13 of the Workmen's Compensation Law? The wife's conversation with Wheeler was not such a demand, for there is nothing to show who Wheeler was or what his relations to the defendant were. But in such a case the court should not be astute to find that there was no demand, and here the company is not in a position to claim that there was no demand for medical assistance, because it knew that he was in the Harlem Hospital and paid the bill there, and thus showed that it understood that it was expected to render medical assistance.

The only question is, therefore, whether under all the circumstances defendant neglected to furnish proper medical care. If the defendant had originally selected the Harlem Hospital the case would, of course, be totally different. The exigencies of the case required plaintiff to go to the Harlem Hospital and defendant was informed that it was dangerous to remove the plaintiff therefrom. Even assuming, which is not the case, that defendant had notice of his complaint of the treatment at the Harlem Hospital, plaintiff left of his own accord and did not comply with the reasonable request of the defendant that he be transferred to the Post Graduate Hospital, where he would have been well taken care of without any expense to himself whatever. That he was able to be transferred to the Post Graduate Hospital is evident from the fact that he was transferred from the Harlem Hospital to his home and from his home to the Miserecordia Hospital without any serious consequences. Under these circumstances it cannot be fairly held that the defendant neglected to furnish proper medical care on demand. Of course the plaintiff would not have to wait day after day before proper attention was provided for him, but he was in the hospital where defendant had a right to assume that he would receive proper attention, and, if he did not, then it was his duty to bring knowledge of the fact clearly

home to the defendant and also his duty under the circumstances disclosed to comply with the reasonable request of the defendant to be transferred to the Post Graduate Hospital.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs.